**Andrew G. Patel**
Attorney-at-Law
80 Broad Street, Suite 1900
New York, NY 10004
apatel@apatellaw.com
Fax: 646-304-6604                                                                 Telephone: 212-349-0230

By ECF

October 4, 2020

Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

                                      Re:    United States v. Adel Abdel Bary
                                                            98 Cr. 1023 (LAK)

Dear Judge Kaplan:

      This letter is respectfully submitted to reply briefly to the government's opposition to Mr. Bary's motion for compassionate release.

### Exhaustion

      The government contends that in seeking release from the Bureau of Prisons, Mr. Bary used the wrong magic words. Mr. Bary asked the Warden at Fairton to release him on home confinement; Mr. Bary failed to use the term "compassionate release." The government does not, and could not; contend that Mr. Bary ignored his obligation to seek administrative relief before seeking a remedy from this court. Modern legal codes were enacted to avoid the kind of traps for the unwary that the government now asks this Court to enforce. Mr. Bary's *pro se* application is entitled to be construed liberally and should be treated as a request for compassionate release. See, *e.g.*, *United States v. Casado*, 2020 WL 3410455 at *1 (W.D.N.Y. Jun. 22, 2020).

      In *United States v. Haney*, __ F.3d __, 2020 WL 1821988 at *3 (S.D.N.Y. Apr. 13, 2020), the Honorable Jed S. Rakoff of this Court held that the exhaustion provision of 18 U.S.C. § 3582(c)(1)(A) is "a claim-processing rule that does not deprive this Court of jurisdiction." Thus, Your Honor has the authority to decide the issue even if Mr. Bary had not tried to comply with the exhaustion requirement. Judge Rakoff also found that

the court could waive the exhaustion requirement where, as here, enforcing the requirement would both prejudice the defendant and be futile. *Id.* at 4.

The exhaustion rule requires an inmate first to request compassionate release from the Warden of the facility, and second to wait before seeking relief from the court until the Warden denies the request or 30 days after the request was submitted if the inmate does not receive a response. Mr. Bary is scheduled to be released on October 28, 2020. Upon the completion of his sentence, Mr. Bary will be returned to the United Kingdom, specifically to his family in London. Mr. Bary will be released in 24 days. Mr. Bary does not have 30 days to wait for a decision from the Warden.

As Judge Rakoff found "Congress cannot have intended the 30-day waiting period of § 3582(c)(1)(A) to rigidly apply in the highly unusual situation in which the nation finds itself today." *Id.* at *3.

### Compelling Circumstances

The government concedes that Mr. Bary's obesity presents a compelling circumstance in light of the current pandemic.

### Guidelines

The government contends that Mr. Bary has the burden to proof that his release is consistent with the policy statements contained in U.S. Sentencing Guideline § 1B1.13. *See* Government Opposition, Sept. 27, 2020 at 3. That argument is no longer valid. In *United States v. Brooker*, __ F.3d __, 2020 WL 5739712 at *6 (2d Cir. Sept. 25, 2020), the Second Circuit held that the language of Guideline § 1B1.13 was outdated and should only apply to those motions for compassionate release brought by the BOP.

### 18 U.S.C. § 3553(a) Considerations

The parties agree that the events that occurred on August 7, 1998 in Kenya and Tanzania were horrific. But Mr. Bary did not build those bombs. Mr. Bary opposed the use of violence; specifically he opposed the use of violence against Americans. Mr. Bary did participate in this offense, but the world will not be in any danger if he is released a few days before the scheduled end of his 25-year sentence.

**Conclusion**

The current worldwide pandemic, Mr. Bary's medical condition, and the fact that Mr. Bary has served almost all of the sentence imposed by Your Honor, together present "extraordinary and compelling reasons" that warrant granting Mr. Bary's motion for compassionate release.

                                              Respectfully submitted,

                                               /s/Andrew Patel
                                              Andrew G. Patel

cc:    All counsel by ECF